# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2022

Lyle W. Cayce
Clerk

No. 21-60605
Summary Calendar

———

Carlos Jose Cruz Sanchez; Yarin Alejandra Andino-Funez; Yeiner Steven Cruz-Andino,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 298 397
Agency No. A209 298 423
Agency No. A209 298 424

———

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Carlos Jose Cruz Sanchez, Yarin Alejandra Andino-Funez, and Yeiner Steven Cruz-Andino, natives and citizens of Honduras, petition for review of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60605

the Board of Immigration Appeals's ("BIA") decision dismissing their appeal from an order of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The petitioners assert that they established past persecution and a well-founded fear of future persecution because Cruz Sanchez, a former Honduran police officer, received threatening phone calls and text messages from a gang who demanded that he assist in moving drugs across the border. The petitioners assert that the caller threatened to harm Sanchez and his family, the other petitioners, if he refused assistance. "Neither discrimination nor harassment ordinarily amounts to persecution" for purposes of asylum. *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). The record does not compel the conclusion that the BIA erred by finding that the harm that the petitioners experienced did not constitute past persecution. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Eduard*, 379 F.3d at 188; *cf. Tamara-Gomez v. Gonzales*, 447 F.3d 343, 346 (5th Cir. 2006).

Regarding a well-founded fear of future persecution, the petitioners do not challenge the BIA's finding that they failed to demonstrate that they could avoid persecution by relocating to another part of Honduras or that the Honduran government was unwilling or unable to protect them from any harm inflicted by the threatening gang. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 228–29 (5th Cir. 2019); *Eduard*, 379 F.3d at 194. The claims are

---

[1] Andino-Funez sought relief in her own right because she and Cruz Sanchez are not married. *See* 8 U.S.C. § 1158(b)(3)(A). However, their son, Cruz-Andino, was included as a derivative beneficiary on Cruz Sanchez's asylum application. The cases were consolidated.

therefore deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In addition, their claim that they established a well-founded fear of persecution based on a pattern or practice of persecution of persons similarly situated to them on account of a protected ground is unexhausted and therefore dismissed for lack of jurisdiction. *See* 8 C.F.R. § 208.13(b)(2)(iii); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Accordingly, the petitioners have not shown that substantial evidence compels the conclusion that they demonstrated eligibility for asylum or withholding of removal. *See Zhang*, 432 F.3d at 344; *Efe v. Aschcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Because the petitioner's fail to show substantial evidence compels a finding of past or future persecution, we need not decide whether the petitioners demonstrated eligibility for relief based on membership in a particular social group or anti-gang political opinion. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

The BIA deemed the petitioners' CAT claims waived because they failed to challenge the IJ's conclusion they were not entitled to relief. Because the petitioners do not challenge this finding by the BIA, the claim is deemed abandoned. *See Soadjede*, 324 F.3d at 833.

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.